# EXHIBIT B

Case 4:25-cv-05046   Document 1-2   Filed 10/22/25 in TXSD   Page 2 of 12

8/15/2025 11:54 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104432168
By: Talitha McCarty
Filed: 8/15/2025 11:54 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CYNTHIA HORN AND GARY HORN, § | | IN THE DISTRICT COURT |
| Plaintiffs, § | | |
| § | | |
| v. § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| IFTIKHAR MAHMOOD SYED, § | | |
| Defendant. § | | HARRIS COUNTY, TEXAS |

# PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CYNTHIA HORN AND GARY HORN, (hereinafter referred to as "plaintiffs") complaining of IFTIKHAR MAHMOOD SYED, (hereinafter referred to as "defendant") and for cause of action would show the following:

I.

## DISCOVERY LEVEL

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 2.

II.

## RULE 47 STATEMENT

2. Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000.

III.

## PARTIES

3. Plaintiff CYNTHIA HORN was a resident of Harris County and the State of Texas at the time of the collision made the basis of this suit.

4. Plaintiff GARY HORN was a resident of Harris County and the State of Texas at the time of the collision made the basis of this suit.

5. Defendant IFTIKHAR MAHMOOD SYED is an individual residing in Harris County, Texas. The defendant may be served with process at 3326 Rainshore Dr. Katy, TX 77449 or wherever he may be found.

6. Plaintiffs respectfully request that citation be issued against the Defendant.

## IV.

## MISNOMER / ALTER EGO

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V.

## VENUE & JURISDICTION

8. Venue is proper in Harris County, Texas under § 15.002(a)(1) of the Tex. Civ. Prac. & Rem. Code ("the Code") because all or a substantial part of the events and omissions giving rise to the claim occurred in Harris County, Texas.

9. The court has jurisdiction over Defendant pursuant to section 17.042 of the Texas Civil Practice and Remedies Code because defendant committed a tort in whole or in part in the State of Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits

of this court.

## VI.

## FACTUAL BACKGROUND

10. On or about August 24, 2024, Cynthia and Gary were traveling on the left lane near the intersection of Fry Rd and Morton Rd. in Katy, Harris County, TX. Defendant, Mr. Syed was traveling in the same direction on the right lane in his silver 2010 Toyota Highlander in Katy, Harris County, TX. Mr. Syed failed to pay attention and drive in a single lane, unsafely crossed over into the left lane and as a result struck Cynthia and Gary's vehicle causing major damage and severely injured Cynthia and Gary.

11. As a result of the August 24, 2024, crash caused by Defendant IFTIKHAR MAHMOOD SYED, Plaintiffs CYNTHIA HORN AND GARY HORN sustained injuries to their neck, mid back, lower back, and other areas, requiring medical treatment.

12. Plaintiffs CYNTHIA HORN AND GARY HORN will require ongoing medical treatment, including injections, pain medications, and physical therapy, to address their injuries and ongoing symptoms.

13. Based on the information presently available, Plaintiffs CYNTHIA HORN AND GARY HORN specify the minimum amount of damages claimed as their actual damages caused by the collision at this time exceed the jurisdictional limits of this court. In this regard, Plaintiffs CYNTHIA HORN AND GARY HORN are entitled to recover their damages. All conditions precedent to

Plaintiffs CYNTHIA HORN AND GARY HORN's rights to recover have occurred or been performed.

## VII.

## CAUSE OF ACTION

<u>COMMON LAW NEGLIGENCE OF IFTIKHAR MAHMOOD SYED</u>

14. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under the same or similar circumstances to those described therein.

15. Plaintiffs CYNTHIA HORN AND GARY HORN's injuries were proximately caused by Defendant IFTIKHAR MAHMOOD SYED's negligent, careless, and reckless disregard of said duty.

16. Defendant IFTIKHAR MAHMOOD SYED acted negligently, which negligence was a proximate cause of this collision in the following particulars:

   a. Failing to keep a proper look out;

   b. Failing to brake or timely brake to avoid crashing into Plaintiffs CYNTHIA HORN AND GARY HORN's vehicle;

   c. Failing to control his speed / operate a motor vehicle at a speed that is reasonable and prudent to avoiding crashing into Plaintiffs CYNTHIA HORN AND GARY HORN and Plaintiff CYNTHIA HORN AND GARY HORN's vehicle (Tex. Transp. Code §545.351(1));

   d. Failing to move from the lane until the driver has ascertained that the movement can be made safely (Tex. Transp. Code §545.060(a));

e. Failing to maintain a safe distance between two vehicles (Tex. Transp. Code §545.062(a));

f. Failing to operate the vehicle in a reasonable and prudent manner;

g. Failing to operate the vehicle in obedience to traffic laws and regulations; and

h. Otherwise failing to exercise due care.

17. Each of these actions and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiffs CYNTHIA HORN AND GARY HORN's injuries and damages.

## VIII.
## DAMAGES

### DAMAGES OF CYNTHIA HORN

18. As a direct and proximate result of the occurrence made the basis of this suit, Plaintiff CYNTHIA HORN was caused to suffer serious bodily injuries, and seeks to recover the following damages:

a. Reasonable and necessary medical care and expenses incurred by CYNTHIA HORN in the past;

b. Reasonable and necessary medical care and expenses which, in all reasonable probability will be incurred by CYNTHIA HORN in the future;

c. Physical pain and suffering by CYNTHIA HORN in the past;

    d. Physical pain and suffering which, in all reasonable probability, will be suffered by CYNTHIA HORN in the future;

    e. Physical impairment of CYNTHIA HORN in the past;

    f. Physical impairment which, in all reasonable probability, will be suffered by CYNTHIA HORN in the future;

    g. Mental anguish of CYNTHIA HORN in the past;

    h. Mental anguish which, in all reasonable probability, will be suffered by CYNTHIA HORN in the future;

    i. Loss of earnings sustained by CYNTHIA HORN in the past;

    j. Loss of earnings and capacity, which will, in all reasonable probability be incurred in the future;

    k. Property damage caused to her 2014 Ford Fusion S,

    l. Loss of value of her 2014 Ford Fusion S, and

    m. Monetary relief of over $250,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. The specific amount plead is within the jurisdictional limits of the court.

19. Plaintiff CYNTHIA HORN has incurred reasonable, necessary, and customary medical expenses billed to date, as a result of reasonable and necessary medical care received as a result of the crash that occurred on August 24, 2024.

20. Plaintiff CYNTHIA HORN's reasonable and necessary medical treatment caused Plaintiff CYNTHIA HORN to incur reasonable, necessary and customary medical expenses, which are all outstanding and incurred.

## DAMAGES OF GARY HORN

21. As a direct and proximate result of the occurrence made the basis of this suit, Plaintiff GARY HORN was caused to suffer serious bodily injuries, and seeks to recover the following damages:

    a. Reasonable and necessary medical care and expenses incurred by GARY HORN in the past;

    b. Reasonable and necessary medical care and expenses which, in all reasonable probability will be incurred by GARY HORN in the future;

    c. Physical pain and suffering by GARY HORN in the past;

    d. Physical pain and suffering which, in all reasonable probability, will be suffered by GARY HORN in the future;

    e. Physical impairment of GARY HORN in the past;

    f. Physical impairment which, in all reasonable probability, will be suffered by GARY HORN in the future;

    g. Mental anguish of GARY HORN in the past;

    h. Mental anguish which, in all reasonable probability, will be suffered by GARY HORN in the future;

    i. Loss of earnings sustained by GARY HORN in the past;

    j. Loss of earnings and capacity, which will, in all reasonable probability be incurred in the future;

    k. Property damage caused to his 2014 Ford Fusion S,

    l. Loss of value of his 2014 Ford Fusion S, and

  m. Monetary relief of over $250,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. The specific amount plead is within the jurisdictional limits of the court.

22. Plaintiff GARY HORN has incurred reasonable, necessary, and customary medical expenses billed to date, as a result of reasonable and necessary medical care received as a result of the crash that occurred on August 24, 2024.

23. Plaintiff GARY HORN's reasonable and necessary medical treatment caused Plaintiff GARY HORN to incur reasonable, necessary and customary medical expenses, which are all outstanding and incurred.

## IX.

## PRESERVATION OF EVIDENCE

24. Plaintiffs hereby request and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, any and all contents of the tractor involved; cellular telephone records; call slips and telephone messages; calendar entries; diary entries; Qualcomm or any GPS, text messaging, or email service; all computerized tracking information; accident registers; tickets or citations of the driver; repair estimates and bills; insurance policies; witness statements; and any

electronic image, data, or information related to the referenced collision. Failure to maintain such items will constitute a "spoliation" of the evidence.

X.

JURY DEMAND

25. Plaintiffs hereby demand a jury trial on this matter and tenders the appropriate jury fee.

XI.

PRAYER

26. Wherefore, premises considered, Plaintiffs CYNTHIA HORN AND GARY HORN pray that Defendant IFTIKHAR MAHMOOD SYED be cited to appear and file an answer herein, and that upon trial Plaintiffs CYNTHIA HORN AND GARY HORN have and recover a judgment against, Defendant IFTIKHAR MAHMOOD SYED for their actual damages, pre-judgment interest, post-judgment interest, costs of Court, and such other and further relief, at law and in equity, to which Plaintiffs CYNTHIA HORN AND GARY HORN may be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**THE WILLOUGHBY LAW FIRM, PLLC**

By: */s/ Joshua R. Willoughby*
Joshua R. Willoughby
Texas Bar Number: 24058762
4306 Yoakum Blvd., Suite 330
Houston, Texas 77006
Telephone: (713) 222 – 1356
Facsimile:  (713) 277 – 7166
attorneyjrw@gmail.com
ATTORNEY FOR PLAINTIFFS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joshua Willoughby
Bar No. 24058762
attorneyjrw@gmail.com
Envelope ID: 104432168
Filing Code Description: Petition
Filing Description: PLAINTIFFS' ORIGINAL PETITION
Status as of 8/15/2025 1:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joshua Willoughby | | attorneyjrw@gmail.com | 8/15/2025 11:54:11 AM | SENT |
| Daisy Muñoz | | efile.jrw@gmail.com | 8/15/2025 11:54:11 AM | SENT |